UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-20258-COOKE/TORRES

ELSA HERNANDEZ,

    Plaintiff,
vs.

J.C. PENNEY CORPORATION, INC.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

On December 23, 2012, while Christmas shopping at the Westland Mall J.C. Penney, Plaintiff Elsa Hernandez slipped on a flat disc that fell off of an artificial Christmas tree on display in the women's department. Am. Compl. ¶¶ 7-10. Hernandez claims she suffered serious bodily injured as a result of the impact, which required a fusion of her neck. *Id.* at 11. She, then, brought suit against J.C. Penney to redress its negligent maintenance of the "faulty Christmas [tree] display." *Id.* at 14.

On April 11, 2014, J.C. Penney moved to dismiss Hernandez's Amended Complaint, ECF No. 9, for failure to state a claim upon which relief could be granted. *See* Mot. to Dismiss, ECF No. 11. In the alternative, J.C. Penney moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *Id.* For the reasons stated below, J.C. Penney's Motion to Dismiss, or in the alternative, Motion for a Definite Statement is **DENIED**.

1

## DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Standard

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint that nudges its claim "across the line from conceivable to plausible" survives a motion to dismiss. *Twombly*, 550 U.S. at 570.

Although Rule 8 is a "liberal pleading requirement," *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), the defendant must have fair notice of Plaintiff's claim and the grounds upon which the claim rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "The pleading 'must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986) (quoting Wright & Miller, *Federal Practice and Procedure:* Civil § 1216 at 121–23). The "complaint need not specify in detail the precise theory giving rise to recovery." "All that is

required is that the Defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

### 2. Analysis

In order to properly plead a prima facie negligence claim under Florida law, Hernandez must show that: (1) Defendant had a legal duty to protect the Plaintiff from particular injuries; (2) Defendant breached that duty; (3) Plaintiffs injuries were actually and proximately caused by the breach; and (4) Plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (quoting *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla.2003)).

Hernandez's Amended Complaint pleads sufficient facts to sustain a recovery on her negligence claim. First, she alleges that J.C. Penney had a legal duty to maintain its premises in reasonably safe condition. Am. Compl. ¶ 12. In addition, Hernandez pleads that J.C. Penney had a duty to use reasonable care in maintaining its premises in a reasonably safe condition, and to warn of concealed dangers that it knew or should have known existed; especially dangers that could not be discovered through the exercise of due care. *See St. Joseph's Hosp. v. Cowart*, 891 So. 2d 1039, 1040 (Fla. Dist. Ct. App. 2004). Plaintiff, then, alleges that J.C. Penney breached its duty by failing to secure the discs to the tree, leaving discs on the floor, failing to maintain the Christmas display, choosing a faulty display, placing the display next to a walkway, and failing to warn Hernandez. Am. Compl. ¶ 14. These facts allow the Court to infer that had Hernandez been warned she would not have slipped and suffered serious bodily injury. Am. Compl. ¶ 10. Next, Hernandez alleges that but for the slip, and subsequent impact, she would not have suffered serious bodily injury,

needed hospitalization, nor would she have undergone a fusion of her neck. Am. Compl. ¶¶ 11, 15. Thus, Hernandez has pleaded, in short plain statements, specific facts to support a negligence claim against J.C. Penney. And based on these facts, it is plausible that Hernandez is entitled to relief on her negligence claim, and, thus, her Amended Complaint survives dismissal.

Next, J.C. Penney argues that it is unable to determine Hernandez's precise legal theory. J.C. Penney, however, either misreads *Twombly's* mandate. *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."). Even if *Twombly* required such detail, and the Court maintains that it does not, Hernandez's theory is apparent on the face of her Amended Complaint. Hernandez avers that J.C. Penney failed to use reasonable care in maintaining its Christmas display, and failed to warn her of the dangers associated with walking near the display. To the extent J.C. Penney can respond to or otherwise answer Hernandez's Amended Complaint, Hernandez has satisfied her minimal pleading burden.

J.C. Penney then argues that the Amended Complaint fails to meet the count requirements of the Federal Rules of Civil Procedure and should be dismissed. Under Rule 10(b), Plaintiff must make its claims in numbered paragraphs that are limited as far as practicable to a single set of circumstances. Plaintiff's Amended Complaint contains a single negligence cause of action. Although Hernandez fails to number her negligence as "Count One: Negligence," her cause of action is sufficiently clear and unambiguous. Defendant's argument that Plaintiff inappropriately incorporates multiple claims that relate to different

circumstances in the same paragraph is wholly unfounded. Plaintiff's single count negligence claim and the facts to support it are properly set out in separate, numbered paragraphs. Therefore, Plaintiff's Amended Complaint satisfies the minimum drafting requirements of Rule 10. Thus, Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 11, must be **DENIED**.

### B. Motion for More Definite Statement

#### 1. Legal Standard

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Allegations in a complaint must be composed of definite statements with sufficient clarity and precision so that a defendant may form a proper responsive pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The aim of Rule 8 pleading standard is to "strike unintelligibility" in the pleading, not simply to gain additional details. *Scott v. Merchants Ass'n Collection Div., Inc.*, No. 12-23018, 2012 WL 4896175, at *2 (S.D. Fla. Oct. 15, 2012) (quoting *Icon Health & Fitness, Inc. v. Ifitness, Inc.*, No. 12–20125, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012)); and *Wells Fargo Bank NA v. BBMJ, LLC*, No. 11–00127, 2012 WL 441286, at *1 (N.D. Fla. Feb.10, 2012) ("The purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery.").

#### 2. Analysis

Hernandez's Amended Complaint, ECF No. 9, is pled with sufficient clarity, apprising J.C. Penney of the claim against it, and enabling J.C. Penney to respond. The Amended Complaint is neither unintelligible nor is it vague or ambiguous. Essentially, J.C.

5

Penney seeks more detail in contravention of the purpose of a motion for more definite statement. J.C. Penney's motion for definite statement is unavailing. Therefore, Defendant's Motion for a More Definite Statement, ECF No. 11, is also **DENIED**.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss, or in the Alternative, Defendant's Motion for a More Definite Statement, ECF No. 11, is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22ND day of December 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Edwin G. Torres, U.S. Magistrate Judge
Counsel of record